**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVANGELINE E. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 15-cv-04859-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 11] |

On March 3, 2016, the Court heard oral argument on Defendants' Motion to Dismiss. ECF 11. For the reasons stated on the record and below, Defendants' Motion to Dismiss Plaintiff's first, second, fourth, and fifth claims—each brought pursuant to 42 U.S.C. § 1983—is GRANTED with leave to amend as requested by Plaintiff.

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has failed to meet this standard for the four claims discussed below.

Plaintiff essentially concedes that Defendants are correct to challenge her first and second claims on the grounds that the Health Insurance Portability and Accountability Act of 1996 (HIPAA) does not provide a private right of action. *See* Mot. at 3, ECF 11. Rather than oppose this argument, Plaintiff seeks to amend her first claim to allege a violation of the Due Process Clause of the Fourteenth Amendment and her second claim to allege a mandatory duty that the County violated. *See* Opp. at 6-8, ECF 12. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's first and second claims with leave to amend.

Defendants next challenge Plaintiff's fourth claim, against the County and Santa Clara

1  Valley Health & Hospital System (SCVHHS)[1] for constructive termination. To state a constructive
2  termination claim, a plaintiff must allege facts sufficient to show that "a reasonable person in his
3  position would have felt that he was forced to quit because of intolerable and discriminatory
4  working conditions." *Huskey v. City of San Jose*, 204 F. 3d 893, 900 (9th Cir. 2000).

5        Defendants correctly point out that, though Plaintiff contends that the privacy breach
6  "created working conditions that are so intolerable that a reasonable person in [her] position would
7  feel compelled to resign," she has not, in fact, resigned. Mot. at 5; Compl. ¶¶ 9, 64. Defendants
8  also argue that, far from showing a continuing pattern of discriminatory treatment, Plaintiff's
9  allegations demonstrate that Defendants took immediate action to support Plaintiff following the
10 breach. Reply at 3 (citing Compl. ¶¶ 16, 25). Finally, Defendants argue that Plaintiff has failed to
11 offer any allegations regarding who read the email or how they reacted. *Id.* at 3-4.

12       Plaintiff responds that "[s]ubjection to judgments and unexpressed ridicule on a daily basis
13 clearly constitute[s] a 'continuing pattern of discriminatory treatment.'" *Id.* at 8-9 (quoting
14 *Schnidrig v. Columbia Mach., Inc.*, 80 F. 3d 1406, 1411 (9th Cir. 1996)). At oral argument,
15 Plaintiff explained that she should not have to endure the indignity and pain of returning to work
16 simply to prove her claim.

17       While recognizing the gravity of Plaintiff's discomfort, the Court must agree with
18 Defendants. Plaintiff's allegation that the disclosure has "created working conditions that are so
19 intolerable that a reasonable person in [her] position would feel compelled to resign" is too
20 conclusory to support a claim—particularly in light of the fact that Plaintiff has not resigned. *See*
21 *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Plaintiff's remaining
22 allegations are similarly insufficient. Plaintiff has neither revealed the private information exposed
23 nor has she alleged any negative treatment by her coworkers or in the workplace as a result of the

---

[1] Defendants correctly argue that "[n]aming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." Mot. at 1 n.1 (quoting *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)). Accordingly, Defendant SCVHHS is DISMISSED with prejudice from the second through fifth claims.

The Court additionally notes that Plaintiff names "Defendant Vanessa Ridley" for the first time in ¶ 54. Ms. Ridley is not listed in the caption. The Court DIRECTS Plaintiff to clarify whether or not Ms. Ridley is a defendant in this case in any amended pleading.

1  exposure. While understandable, this lack of information prevents Plaintiff from stating a claim;
2  without additional details, it is impossible to determine that a reasonable person could feel
3  compelled to resign in Plaintiff's position. Accordingly, the Court GRANTS Defendants' motion
4  to dismiss with leave to amend.

5  Finally, Defendants challenge Plaintiff's fifth claim, a *Monell* claim against the County
6  and SCVHHS for negligent hiring, training, supervision, and retention. To succeed on a *Monell*
7  claim, a plaintiff must establish the existence of a municipal custom or policy, such as a
8  "longstanding practice or custom which constitutes the standard operating procedure of the local
9  government entity." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008);
10 *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-691 (1978).

11 Defendants argue that a single, isolated incident cannot support a *Monell* claim. Mot. at 6.
12 Plaintiff responds that the egregiousness of the disclosure demonstrates that Defendants' lack of
13 oversight amounts to an official policy. Opp. at 10. The Court agrees with Defendants: a single
14 incident is not sufficient to state a *Monell* claim. Accordingly, the Court GRANTS Defendants'
15 motion to dismiss Plaintiff's fifth claim with leave to amend. As requested at the hearing, Plaintiff
16 shall file any amended pleading by no later than April 7, 2016.

17 **IT IS SO ORDERED.**

18 Dated: March 8, 2016

19 _____
20 BETH LABSON FREEMAN
   United States District Judge